UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:14-CR-00725-CAS | Date | August 13, 2015 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine M. Jeang | Laura Elias | Eddie Jauregui / Ryan White |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| gullett - el:taquan - rahshe, *also known as* Maalik Rashe El *also known as* Taquan Gullet | X | X | | Moriah Radin, DFPD | X | | X |

**Proceedings:** DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNCHARGED TAX YEARS (dkt. 21, filed April 20, 2015)

DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT (dkt. 23, filed April 27, 2015)

GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANT'S UCC FILINGS IN 2011 AND 2012 (dkt. 42, filed August 5, 2015)

## I. INTRODUCTION AND BACKGROUND

In October 2014, a grand jury charged defendant Taquan Gullet with two counts of submitting to the United States Treasury Department, through the Internal Revenue Service, claims against the United States for payment of fraudulent tax refunds with knowledge that such claims were false, fictitious and fraudulent in violation fo 18 U.S.C. §§ 287, 2(b) (Counts One and Two). Indictment at 1. Specifically, defendant is alleged to have submitted claims based upon fictitious interest income and withholding amounts for the tax years 2009 and 2010. Id. at 2. The grand jury also charged defendant with two counts of knowingly filing in a public record a false lien and encumbrance against the property of two employees of the Internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Revenue Service, on account of their performance of their official duties, in violation of 18 U.S.C. §§ 1521, 2(b) (Counts Three and Four).  Id. at 3.

On April 20, 2015, defendant filed a motion *in limine* to preclude the government from introducing evidence of defendant's filing of tax returns and related documents for tax years not charged in the indictment.  Dkt. 21.  The government opposed this motion on April 27, 2015.  Dkt. 25.  Also on April 27, 2015, defendant filed a motion to dismiss Counts One and Two of the indictment.  Dkt. 23.  The government opposed the motion to dismiss on May 4, 2015, dkt. 28, and defendant responded on May 6, 2015, dkt. 32.  On August 5, 2015, the government also filed a motion *in limine* to admit evidence of defendant's UCC filings in 2011 and 2012.  Dkt. 42.  The Court held a hearing on August 10, 2015, during which defendant expressed interest in filing an opposition to the government's motion *in limine* to admit evidence of defendant's UCC filings in 2011 and 2012.  The defendant filed its opposition on August 11, 2015.  Dkt. 42.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT

Defendant seeks to dismiss Counts One and Two of the indictment for violation of 18 U.S.C. § 287 ("the statute" or "section 287") on the grounds that the statute runs afoul of the First Amendment, and is unconstitutionally vague in violation of the due process clause of the Fifth Amendment.  Section 287 provides:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C.A. § 287.  The Court addresses each of defendant's challenges to the statute in turn, and concludes that neither has merit.

Defendant first contends that the statute is substantially overbroad because it regulates protected speech in violation of the First Amendment.  Mot. Dismiss at 5.  Specifically, defendant asserts that the statute lacks a specific intent to defraud element, and thus impermissibly criminalizes speech that falls outside the recognized "fraud exception" to the First Amendment.  Id. at 6.  In opposition, the government contends that the statute criminalizes conduct—namely, the act of filing a false claim against the United States—not speech, and that such conduct is not protected by the First Amendment.  Opp'n Mot. Dismiss at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

In support of its position, the government directs the Court to <u>United States v. Barker</u>, 942 F.2d 585 (9th Cir.) <u>opinion amended and superseded on other grounds</u>, 967 F.2d 1275 (9th Cir. 1991), where the defendant contractor, with whom the Army Corps of Engineers contracted to construct a flood control project, was convicted of presenting false claims in violation of section 287. <u>Id.</u> at 587. On appeal, defendant argued, <u>inter alia</u>, that section 287 violated his First Amendment right to petition for redress of grievances. <u>Id.</u> at 589. The court rejected this contention out of hand, stating that "there is simply no constitutional right to file a false claim," <u>id.</u>, and noting that "[t]he constitutionality of statutes criminally forbidding false statements has been upheld on numerous occasions," <u>id.</u>, n.10 (citing <u>United States v. Des Jardins</u>, 772 F.2d 578, 580 (9th Cir. 1985) (upholding 18 U.S.C. § 1001); <u>United States v. Staats</u>, 12 L.Ed. 979 (1850) (upholding 18 U.S.C. § 289)).

In response, defendant directs the Court to the dissent in <u>Barker</u>, asserting that it demonstrates "the statute sweeps more broadly than is necessary to achieve its purpose." Reply at 3. Defendant misreads the <u>Barker</u> dissent. The dissent did not imply, as defendant suggests, that section 287 lacks an intent requirement. Rather, the dissent expressly acknowledged that "intent is part of the crime and intent must be proved," <u>Barker</u>, 942 F.2d at 597 (Noonan, J., dissenting), but argued that the government had not proven intent on the record before the court, <u>id.</u> at 590. Indeed, the <u>Barker</u> decision was ultimately superseded on the grounds that the government's evidence was insufficient to sustain the conviction. <u>United States v. Barker</u>, 967 F.2d 1275, 1278 (9th Cir. 1991) ("The evidence of knowledge of falsity is, if possible, even less than the evidence of inaccuracy."). In any event, the superseded <u>Barker</u> opinion does not bind the Court.

Nonetheless, the Court concludes that the speech prohibited by section 287 is not protected by the First Amendment. "[C]ontent-based restrictions on speech have been permitted, as a general matter, only when confined to the few historic and traditional categories [of expression] long familiar to the bar." <u>United States v. Alvarez</u>, 132 S. Ct. 2537, 2544 (2012) (internal quotations and citations omitted). Among these traditional categories are "speech integral to criminal conduct," <u>id.</u> (citing <u>Gibobney v. Empire Storage & Ice Co.</u>, 336 U.S. 490 (1949)), and fraud, <u>id.</u> (citing <u>Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.</u>, 425 U.S. 748, 771 (1996)). Here, defendant's alleged speech—specifically, statements in tax returns to the effect that he earned large sums of interest income and that such income was almost entirely withheld in federal taxes—were integral to his scheme to obtain funds from the United States. Indeed, as the Supreme Court noted in <u>Alvarez</u>, "[w]here false claims are made to effect a fraud or secure moneys or other valuable considerations . . . it is well established that the Government may restrict speech without affronting the First Amendment." <u>Id.</u>, at 2547; <u>see also</u> <u>United States v. Rowlee</u>, 899 F.2d 1275, 1279 (2d Cir. 1990) ("The consensus of this and every other circuit is that liability for a false or fraudulent tax return

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

cannot be avoided by evoking the First Amendment." (citing, e.g., Hudson v. United States, 766 F.2d 1288, 1291-92 (9th Cir. 1985))).

Moreover, even reaching overbreadth analysis, the Court concludes that section 287 is not impermissibly overbroad. In the First Amendment context, "a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" United States v. Stevens, 559 U.S. 460, 473 (2010) (quoting Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449, n.6 (2008)). Defendant asserts that the statute is overbroad because, inter alia, "it criminalizes immaterial false statements, false statements made without intent to defraud, and false statements even when not made willfully." Mot. Dismiss at 6.

Defendant relies on United States v. Alvarez, 132 S. Ct. 2537 (2012), where the Supreme Court held that the Stolen Valor Act, which criminalized the making of false statements regarding receipt of military decorations or medals, was an impermissible content-based restriction on free speech. Alvarez, however, does not support defendant's position that section 287 sweeps too broadly. In assessing the constitutionality of the Stolen Valor Act, the Supreme Court explained that the statute "targets falsity and nothing more." Id. at 2539. In contrast, the Court explained that other regulation of false statements—such as laws forbidding perjury and the criminal prohibition of false statements made to a Government official, 18 U.S.C. § 1001—pass First Amendment muster because they do more than prohibit mere falsity. Id. at 2637; id. ("Section 1001's prohibition on false statements made to Government officials, in communications concerning official matters, does not lead to the broader proposition that false statements are unprotected when made to any person, at any time, in any context."). Likewise, section 287 does more than merely target false statements—it targets false statements made with knowledge of their falsity to the United States government. Thus, much like 18 U.S.C. § 1001, the Court concludes that 18 U.S.C. § 287 is not impermissibly overbroad.

Defendant next contends that section 287 is unconstitutionally vague in violation of the Due Process clause of the Fifth Amendment. Mot. Dismiss at 7. "A criminal statute or regulation is unconstitutionally vague if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" United States v. Agront, 773 F.3d 192, 195 (9th Cir. 2014) (quoting United States v. Williams, 553 U.S. 285, 304 (2007)). Here, defendant contends the term "knowing such claim to be false, fictitious, or fraudulent" contained within the statute is not sufficiently defined to provide adequate notice of the conduct prohibited thereunder.

In support, defendant asserts that this vagueness "is evidenced by the conflicting interpretations [of the statute] between the Courts of Appeal." Mot. Dismiss at 7. Disparity,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

however "does not establish vagueness." United States v. Rybicki, 354 F.3d 124, 143 (2d Cir. 2003) ("[D]ivergence in panel or circuit views of a statute, criminal or otherwise, is inherent—and common—in our multi-circuit system."). Defendant further contends that the statute is impermissibly vague because "[a] person may potentially, lie, fib, misrepresent, or joke in an action that falls within the proscription of Section 287, and have no potential for knowing that their false statement violated federal law." Mot. Dismiss at 8-9. The Court disagrees. The statute forbids presenting "any claim upon or against the United States . . . knowing such claim to be false, fictitious, or fraudulent." Such language plainly provides notice to individuals that should they lie, fib, misrepresent, or joke about a claim presented to the government—concepts that necessarily entail either falsehood or fiction—knowing that they are lying, fibbing, misrepresenting, or joking about that claim, they may be subject to criminal prosecution for their actions. Indeed, as the government points out, courts have rejected vagueness challenges to statutes with much more inexact language than that contained in section 287. See, e.g., Jordan v. DeGeorge, 341 U.S. 223, 229-31 (1951) ("moral turpitude" not unconstitutionally vague as applied to case involving fraud); United States v. Fontaine, 697 F.3d 221, 226-27 (3d Cir. 2012) ("imitation firearm" not unconstitutionally vague as applied to robber threatening death with object appearing to be a gun).

In light of the foregoing, the Court **DENIES** defendant's motion to dismiss Counts One and Two of the indictment for violation of 18 U.S.C. § 287.

## III. MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNCHARGED TAX YEARS

Defendant seeks to preclude the government from introducing evidence of defendant's filing of tax returns and related documents for tax years that are not charged in the indictment. Mot. Exclude at 1. According to defendant, because the indictment solely accuses him of submitting falsified returns for the 2009 and 2010 tax years, "the only relevant evidence would be evidence related to those filings." Id. at 3.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence may only be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

The Court concludes that the evidence defendant seeks to exclude is relevant. As discussed above, in order to prove that defendant violated section 287, the government must demonstrate that defendant knew that his 2009 and 2010 claims were false, fictitious, or fraudulent. Here, the government seeks to introduce evidence of defendant's 2007 and 2008 returns—returns in which defendant did not claim significant interest income, unlike his 2009 and 2010 returns. Moreover, the Court agrees with the government the such evidence is admissible pursuant to Federal Rule of Evidence 404(b), which precludes admission of "other crimes, wrongs, or acts" to prove character or criminal propensity, but permits introduction of "other acts" evidence to prove, <u>inter alia</u>, motive, intent, knowledge, identity and absence of mistake. Fed. R. Evid. 404(b); <u>see also</u> <u>United States v. Cherer</u>, 513 F .3d 1150, 1157 (9th Cir.2008) (Non-propensity purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."). Specifically, defendant's 2007 and 2008 returns are relevant to show that defendant knew how to file proper tax returns, thus making it more likely that defendant knowingly misrepresented his income in his 2009 and 2010 returns. Further, to the extent that defendant contends that he did not file the 2009 and 2010 returns, the 2007 and 2008 returns are relevant to show defendant's identity, since the earlier returns contain personal identification information that are also reflected in defendant's later returns. <u>See</u> Opp'n Mot. Exclude, Exs. A-D. Finally, the Court cannot discern how the admission of such evidence would *unfairly* prejudice defendant. <u>See</u> Fed. R. Evid. 403.

Accordingly, the Court **DENIES** without prejudice to renewal defendant's motion to exclude evidence of uncharged tax years.

## IV. GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANT'S UCC FILINGS IN 2011 AND 2012

Through the instant motion, the government seeks to admit for use in its case-in-chief evidence of two Uniform Commercial Code ("UCC") Financing Statements filed by defendant with the California Secretary of State in 2011 and 2012 (the "2011 and 2012 financing statements"). Mot. Lim. at 3. According to the government, the financing statements are relevant to prove defendant's knowledge, motive, intent, identity, common scheme, and absence of mistake in connection with defendant's filing of a false lien and encumbrance in 2010, as charged in counts three and four of the indictment. <u>Id.</u>

As discussed above, defendant is charged in counts three and four of the indictment with violating 18 U.S.C. § 1521 by filing a false lien and encumbrance against two employees of the IRS, M.G. and B.G., on account of these employees' performance of their official duties. The "false lien and encumbrance" underlying these counts is a UCC Financing Statement dated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

December 1, 2010, and filed with the California Secretary of State (the "2010 lien").  Mot. Lim. at 3.  In the 2010 lien, defendant asserted that the purported "debtors" owed him over $20 million for, among other things, his "lawful 2009 claim refund," and for "hindering, impeding, obstruction and/or delaying [defendant's] rights, titles, and interests in Claim."  Id.  He further asserted that the "surety for the value of this claim" consisted of the "debtors'" "rents, wages, earnings, and income from every source," their personal and real property, and all of their bank accounts, among other items of value.  Id. at 3-4.

The government possesses evidence that, in January 2011, defendant filed another UCC lien with the California Secretary of State against four Los Angeles Police Department Officers and the Executive Officer and Clerk of the "Los Angeles County Courthouse Corporation."  Id. at 4.  The attachment to defendant's 2011 lien (also filed with the California Secretary of State) claimed that defendant was owed more than $37 million by these individuals for, among other things, "arrest or detainment" and "unlawful search and seizure."  Id.  One year later, in January 2012, defendant filed an additional UCC lien with the California Secretary of State, this time naming the Inspector General for Tax Administration, the then-IRS Commissioner, another IRS employee, and IRS employee M.G. as debtors, and alleging that they owed defendant more than $21 million.  Id.  In attachments to both the 2011 and 2012 UCC filings, defendant listed the public officials' titles and/or employee identification numbers, and their public employer addresses, in a section called "JUDGMENT DEBTOR(S)."  Defendant listed himself as the "JUDGMENT CREDITOR."  Id.  On the 2011 and 2012 UCC forms themselves, defendant listed himself as the "secured creditor" and provided his phone number and address in North Hollywood, California.  Id. at 4-5.

Defendant argues that evidence of the 2011 and 2012 UCC liens is improper character evidence that fails to meet the requirements of Rule 404(b).  Opp. Mot. Lim. at 2.  Specifically, defendant contends that while the government has stated generally that the prior acts are probative of defendant's knowledge, motive, and absence of mistake or accident in this case, it has failed to articulate the "evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence," as required by Rule 404(b).  United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994) (citing United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982)).  Indeed, when the government's theory is one of knowledge, the Ninth Circuit "has emphasized the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act."  Mayans, 17 F.3d at 1181-82.  Here, it is unclear what knowledge defendant could have gained from his 2011 and 2012 UCC liens that would bear on a material fact at issue in the crimes with which he is currently charged.  Furthermore, while the government insists that defendant's 2011 and 2012 filings "demonstrate[] a retaliatory motive against public officials (M.G. and B.G.) for

'O'

performance of official duties . . . [and] are highly probative of defendant's knowledge, intent, and motive," Mot. Lim. at 9-10, defendant rightly notes that such evidence appears to be in the nature of impermissible propensity evidence, Opp. Mot. Lim. at 6. See Fed. R. Evid. 404(b).) A jury could be led to believe, for example, that defendant's 2011 and 2012 conduct related to the UCC liens establishes he is a person who has a propensity to target public and law enforcement officials and acted in conformity with that character in filing the 2010 liens for which he is currently being charged. The Court therefore concludes the evidence is inadmissable under Rule 404(b).

Moreover, even if evidence of defendant's 2011 and 2012 UCC filings is permissible under Rule 404(b), the Ninth Circuit "has specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry." Mayans, 17 F.3d at 1183 (9th Cir. 1994); see also Huddleston v. United States, 485 U.S. 681, 691 (1988) (Rule 403 provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b)). In the Court's view, admission of the 2011 and 2012 filings carries a significant risk of unfair prejudice that substantially outweighs whatever probative value the filings may have.

Accordingly, the Court **DENIES** without prejudice to renewal the government's motion to admit evidence of the 2011 and 2012 financing statements.

V.  **CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss counts one and two of the indictment and also **DENIES** defendant's motion *in limine*. Further, the Court **DENIES** the government's motion *in limine* to admit evidence of defendant's UCC filings in 2011 and 2012.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |