UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:14-cr-00725-CAS-1 | | Date | July 11, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Julian Andre |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret |
|---|---|---|---|---|---|---|---|
| Taquan Gullett, T/N: Gullett - El:Taquan - Rashe (Waiver of Physical Appearance[115][116]) | X (By Telephone) | | X | Andrew Cowan, Standby Counsel | X | X | |

| Proceedings: | DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER OPINION TESTIMONY(dkt. 105, filed March 30, 2016) |
|---|---|

### I.     INTRODUCTION AND BACKGROUND

In October 2014, a federal grand jury charged defendant Taquan Gullet ("defendant") with two counts of submitting to the United States Treasury Department, through the Internal Revenue Service ("IRS"), claims against the United States for payment of fraudulent tax refunds with knowledge that such claims were false, fictitious and fraudulent in violation fo 18 U.S.C. §§ 287, 2(b)  (Counts One and Two).  Indictment at 1.  The grand jury also charged defendant with two counts of knowingly filing in a public record a false lien and encumbrance against the property of two IRS employees on account of their performance of their official duties, in violation of 18 U.S.C. §§ 1521, 2(b) (Counts Three and Four).  Id. at 3.

On March 30, 2016, defendant, who was represented by counsel at the time, filed the instant motion *in limine* to exclude improper opinion testimony.  Dkt.  105 ("Motion").  On April 1, 2016, the government filed an opposition to the instant motion.  Dkt. 109 ("Opp'n").

On March 31, 2016, defendant filed a request for a hearing, pursuant to Faretta v. California, 422 U.S. 806 (1975), to determine whether defendant may represent himself in this matter.  Dkt. 107.  On April 4, 2016, the Court conducted a Faretta hearing and granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

defendant's request to proceed in this matter *in pro per*. Dkt. 113. Trial in this matter is currently scheduled to begin on July 19, 2016.

On July 11, 2016, the Court held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court concludes as follows.

## II. DISCUSSION

In brief, the government alleges in the instant action that defendant filed a false claim for a tax refund for the 2009 tax year, retaliated against IRS employees when the IRS determined that his 2009 tax return was frivolous and did not pay the tax refund, and then filed another false claim for a tax refund for the 2010 tax year despite being informed by the IRS that his prior claim was frivolous. See generally Indictment. In May 2015 and August 2015, the government produced interview memoranda summarizing the anticipated testimony and relevant experience of IRS employee Shauna Henline, whom the government intends to designate as the Custodian of Records for the IRS in this matter. See Motion, Ex. 2-3. Through the instant motion, defendant seeks to exclude Henline's testimony regarding the IRS's policies and procedures as improper opinion testimony under Federal Rule of Evidence 702 and Federal Rule of Criminal Procedure 16(a)(1)(g). Defendant also moves to exclude all evidence regarding the IRS's Frivolous Return Program and the correspondence defendant received indicating that his 2009 tax return was frivolous on the basis that it is unduly prejudicial under Federal Rule of Evidence 403.

### A.   Whether the Proffered Testimony is Expert Opinion

As to whether Henline's testimony should be excluded as improper expert opinion, defendant contends that he has been "left to guess . . . what Ms. Henline's opinion testimony might be," but the government's representations regarding her expected testimony "strongly suggest[] that the government may well seek to elicit opinion testimony from her." Motion at 1-2. The government contends that Henline will not be providing expert testimony under Rule 702. Rather, she will be testifying regarding her personal knowledge and as a custodian of records regarding defendant's tax returns, the correspondence that the IRS received from defendant, and the various notices that the IRS provided to defendant.[1]

---

[1] Under Federal Rule of Evidence 406, "evidence of . . . an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Rule 602 provides that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

More specifically, the government states that Henline will (1) offer testimony regarding the basic workings of the income tax reporting, payment, and refund processes, and the tax forms used in those processes (e.g., W-2, 1099, and 1040); (2) testify as the IRS's custodian of records regarding defendant's 2007, 2008, 2009, and 2010 tax returns; related tax information received from third parties regarding defendant's income (such as a W-2 received from defendant's employer); and the correspondence that the IRS received from defendant and notices that the IRS provided to defendant; (3) testify regarding the entries on defendant's tax returns and the specific IRS forms that defendant submitted in connection with his 2009 and 2010 tax return (such as a Form 1099-OID and Form 1099-A); (4) testify regarding the process by which the IRS responds to frivolous correspondence from taxpayers, including how the IRS classifies tax returns or correspondence as frivolous, and describe the different letters that the IRS uses to respond to frivolous documents from taxpayers; and (5) testify that the IRS's records indicate that defendant's 2009 and 2010 tax returns were deemed to be "frivolous" and thus assigned to the Frivolous Returns Program.

The government further specifies that Henline will *not* be testifying regarding some of the topics that defendant lists as improper—specifically, Henline (1) will not be testifying regarding any particular type of promotion scheme and will not be addressing whether defendant's tax returns shared any characteristics with a typical promotion scheme or strawman redemption theory; (2) "will also not be offering an opinion as to whether defendant's tax returns were in fact false," but rather will testify "regarding the IRS's policies and procedures regarding frivolous returns and the Frivolous Returns Program, and correspondence that defendant received from the Frivolous Returns Programs relating to his 2009 tax return." Opp'n at 8.

Because Henline's potential testimony does not, based upon the government's proffer, appear to constitute expert opinion, the Court **DENIES** without prejudice to renewal defendant's motion to exclude such testimony as improper expert opinion.

B.  **Whether All Evidence Regarding the IRS's "Frivolous Return Program" Should be Excluded as Unfairly Prejudicial**

Defendant also argues that he "has not been charged with violating any tax laws—he has instead been charged with making false *claims* in violation of 18 U.S.C. § 287 and filing false *liens* in violation of 18 U.S.C. § 1521"—and, accordingly, any evidence regarding the IRS

---

that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Frivolous Return Program ("FRP") should be excluded under Rule 403 because it is more prejudicial than probative. Motion at 2 (emphasis added). The Court disagrees.

In order to prove that defendant filed a false *claim* against the government, in violation of 18 U.S.C. § 287, the government must establish that defendant knew the claim was false. Under 26 U.S.C. § 6702, a frivolous tax return is defined as, among other things, a return that "does not contain information on which the substantial correctness of the self-assessment may be judged" and is "based upon a position which the Secretary has identified as frivolous." Accordingly, the government argues,"[t]he fact that the IRS explicitly informed defendant that his 2009 tax return was frivolous is thus relevant to establish that defendant knew that the claims in his 2010 tax return, which [are the subject of the relevant Counts here and which] relied on the very same supporting documentation that the IRS had previously rejected as frivolous, were in fact false." Opp'n at 13. Therefore, as the government contends, the Court cannot conclude that the probative value of evidence regarding the FRP—in particular, the correspondence that defendant received informing him that his 2009 tax return was deemed "frivolous"—is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.[2] Fed. R. Evid. 403.

In addition, Counts Three and Four allege that defendant retaliated against a federal official or employee by filing, or attempting to file, a false lien or encumbrance, in violation of 18 U.S.C. § 1521. To prove a violation of § 1521, the government must, among other things, establish that defendant knew that the lien or encumbrance was false and that the lien or encumbrance was filed against a federal employee on account of that individual's official duties. See United States v. Neal. 776 F.3d 645, 652 (9th Cir. 2015) (discussing the elements of § 1521). According to the allegations in this case, defendant filed a UCC Financing Statement in December 2010 with the California Secretary of State in which he claimed that IRS employees owed him a debt of over 20 million dollars. The documents attached to the UCC

---

[2] The Court notes that evidence regarding the Frivolous Returns Program has frequently been admitted in § 287 cases. See, e.g., United States v. McQuarry, 816 F.3d 1054, 1056 (8th Cir. 2016) (discussing defendant's tax return being submitted to the frivolous return program); United States v. Dicosola, 2016 WL 362388, *2 (N.D. Ill. Jan. 29, 2016) (noting that the government introduced evidence regarding that notices that defendant received from the IRS indicating that defendant's tax returns were frivolous); United States v. Sroufe, 579 Fed. App'x. 974 (11th Cir. 2014) (noting there was sufficient evidence to prove that defendant knew the claim he submitted was false because the IRS had previously informed defendant that he had "taken a frivolous position").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

'O'

Financing statement stated that the 20 million dollar debt was based on the IRS's failure to pay defendant's $149,296 "lawful" 2009 tax refund. The government avers that defendant had already been informed by the IRS that his 2009 tax return was "frivolous" when he filed the UCC Financing statement against the IRS employees, such that defendant therefore knew that the lien (which is the subject of the § 1521 charge) was false. The government therefore argues, and the Court agrees, that it should be permitted to present evidence regarding the Frivolous Return Program in order to explain why the IRS did not pay defendant's "frivolous" 2009 tax refund claim.

In accordance with the foregoing, the Court **DENIES** without prejudice to renewal defendant's motion to exclude all evidence of the IRS's Frivolous Return Program.

### III.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion *in limine*, dkt. 105, without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 18 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: