UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:14-cr-00725-CAS-1 | | Date | July 14, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Julian Andre, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Taquan Gullett, T/N: Gullett - El:Taquan - Rashe | Not | | X | Andrew Cowan, Standby Counsel | Not | | X |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S EX PARTE PETITION FOR ISSUANCE & SERVICE OF SUBPOENAS AT COURT COST AND FOR APPROVAL OF FUNDS FOR EXPERT WITNESS & CONSULTANT ON BEHALF OF THE ACCUSED (dkt. 118, filed July 11, 2016)

The Court is in receipt of the above-titled petition filed by defendant Taquan Gullett, who is proceeding *in pro per*. In his petition, defendant (1) requests approval of $1,000 in funding to retain the consulting services of Carl R. Knudson, whom, defendant avers, previously agreed to provide his services while defendant was represented by the Federal Public Defender's Office; (2) requests approval of $1,000 to retain the consulting services of Dr. Walker F. Todd, "contingent upon [Dr. Todd's] . . . willingness to serve, and availability to serve"; and (3) requests that subpoenas be issued and served on Kerri Palitang, whom defendant avers is "an independent third-party witness as Notary Public to many, if not all, of [defendant's] Administrative Process record, which [defendant] plans to introduce into evidence at trial."

As to plaintiff's requests for funding to retain the consulting services of Carl R. Knudson and Dr. Walker F. Todd, the Court **GRANTS** defendant's requests for up to $1,000 in funds to be used for the payment of Mr. Knudson's consulting services, and an additional $1,000 in funds to be used for the payment of Dr. Walker F. Todd's consulting services. Insofar as defendant seeks to designate Knudson and/or Todd as expert witnesses, the Court **DENIES** any such request. Defendant has failed to properly designate these witnesses as expert witnesses, as required by Federal Rule of Criminal Procedure 16(b). See, e.g. Fed. R. Crim. P. 16(b)(1)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

As to plaintiff's request that a subpoena be issued and served to Karri Palitang, the Court refers to Local Criminal Rule 17-1:

> *L. Cr. R. 17-1 Subpoena - Issuance Under Rule 17(b) - Witness Within the District.* Defense counsel shall apply to the Clerk for a witness subpoena under F. R. Crim. P. 17(b), when the witness will be served within this District. The Clerk may issue such a subpoena in blank. No subpoena so issued may be served outside of this District. By filling in a subpoena issued in blank, defense counsel represents that counsel believes the defendant is unable to pay the witness fees and that the presence of the witness is necessary to an adequate defense.

The Court **GRANTS IN PART** defendant's request for the issuance of a subpoena; specifically, defendant is directed to submit to the Court a proposed subpoena that comports with the Local Criminal Rules and the Federal Rules of Criminal Procedure.

Finally, defendant also requests a continuance of the trial in this matter, which is currently scheduled for July 19, 2016. Trial in this matter has already been continued numerous times, most recently at defendant's request (on the eve of the previously-scheduled trial date of April 5, 2016), following defendant's request to proceed *in pro per*. Furthermore, defendant was released on bond in October 2015 and appears to have had access to the discovery in this matter since before a previously-scheduled August 2015 trial date. Accordingly, defendant's request for an additional continuance of the trial in this matter is hereby **DENIED**. See United States v. Garrett, 179 F.3d 1143, 1145 (9th Cir. 1999) (district court's denial of defendant's motion for continuance on eve of trial was not an abuse of discretion).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | | CMJ |

cc: