UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:14-cr-00725-CAS-1 | | Date | July 26, 2016 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| Catherine Jeang | Not Present | Julian Andre, Not Present<br>Paul Stern, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| gullett - el:taquan - rahshe, *also known as* Maalik Rashe El *also known as* Taquan Gullet | NOT | | X | Andrew Cowan | NOT | X | |

**Proceedings:**    (IN CHAMBERS) - ORDER RE: DEFENDANT'S *PRO SE* STATUS

On April 4, 2016, on the eve of trial, the Court conducted a Faretta hearing and granted defendant's request to proceed *pro se*.  Dkt. 113.  Over the government's objection, the Court also granted defendant's request for a continuance, thereby continuing the trial from April 5, 2016 to July 19, 2016.  Id.  In addition, the Court advised defendant's counsel at the time, attorney Andrew Cowan, that he was to remain prepared to assist defendant as standby counsel and further remain prepared to step-in as counsel of record, should defendant's *pro se* status later be revoked.  See Faretta v. California, 422 U.S. 806, 834 n.46 (1975) ("Of course, a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.") (citation omitted).  A motions deadline was set for June 20, 2016, and a pre-trial conference was set for July 11, 2016, at 1:30 p.m.

On July 11, 2016, defendant, proceeding *pro se*, appeared by telephone at the pretrial conference and requested an additional continuance of the trial date.  For reasons stated on the record, the Court indicated that it would deny defendant's request.  On July 11, 2016, defendant also filed an *ex parte* application, see dkt. 118, which the Court, in an order dated July 14, 2016, granted in part and denied in part, see dkt. 121.  Specifically, the Court granted defendant's request that a subpoena be issued, and further granted defendant's request that up to $2,000 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

                                                                    'O'

CJA funds be allocated for the retention of consulting services.  See id.  However, the Court denied defendant's request for a continuance of the trial, explaining that

> [t]rial in this matter has already been continued numerous times, most recently at defendant's request (on the eve of the previously-scheduled trial date of April 5, 2016), following defendant's request to proceed in pro per.  Furthermore, defendant was released on bond in October 2015 and appears to have had access to the discovery in this matter since before a previously-scheduled August 2015 trial date.

Id. at 2.

On July 20, 2016, defendant filed a separate civil action, Taquan Rahshe Gullett-El v. Christina A. Snyder, et al., Case No. 2:16-cv-05391-JFW-AJW ("the civil action"), which named the undersigned as a defendant.  Initially, the civil action was assigned to the undersigned judge; however, the undersigned recused herself on account of having been named as a defendant in the civil action.  Dkt. 3 (Order to Reassign Case Due to Self-Recusal Pursuant to General Order 14-03).  The case was then reassigned to Judge John F. Walter.  Id.  On July 23, 2016, three days before the scheduled trial in this matter, defendant, proceeding *pro se*, filed a request to continue the trial date so as to allow "additional time to pursue adjudication in Civil Matter 2:16-cv-05391-JFW-AJW by which he may assert his Affirmative Defenses to the [instant criminal case.]"  Dkt. 126.  On July 23, 2016, defendant also filed a "Petition for Recusal pursuant to 28 U.S.C. § 144 and 38 U.S.C. §455."  Dkt. 125.  Defendant's Petition for Recusal appeared to be based, in part, upon defendant's filing of the civil action.  On July 25, 2016, Judge Otis D. Wright, II denied defendant's "Petition for Recusal."  Dkt. 131.

On July 26, 2016, the date on which trial was set to begin in this matter, defendant, proceeding *pro se*, appeared before the Court along with standby counsel Andrew Cowan. Defendant indicated that he did not believe that he was prepared to begin trial proceeding *pro se* and would need at least an additional three months to prepare his defense.  For reasons stated more fully on the record, the Court indicated that it would not grant an additional continuance of the trial date.  See also United States v. Brewster, 387 Fed. App'x 763, 765 (9th Cir. 2010) ("We review a district court's denial of a pro se defendant's motion to continue for an abuse of discretion, United States v. Garrett, 179 F.3d 1143, 1144-45 (9th Cir. 1999), and 'find an abuse of discretion only where the denial was "arbitrary and unreasonable." ' United States v. Sarno, 73 F.3d 1470, 1492 (9th Cir. 1995) (citation omitted)").  Defendant stated that absent a further continuance of at least three months, he would be unprepared to proceed to trial *pro se*.  In light of, *inter alia*, defendant's self-professed unpreparedness for trial, the Court suggested that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINNUTES - GENERAL

**'O'**

defendant's standby counsel, Andrew Cowan—who had been prepared to represent defendant on the eve of the previously-scheduled trial date of April 5, 2016—be appointed counsel of record.  Defendant, who had indicated his unfamiliarity with many of the relevant rules and procedures governing trial, did not object to revocation of his *pro se* status and appeared amenable to appointment of Mr. Cowan as counsel of record.  Accordingly, as stated more fully on the record, the Court revoked defendant's *pro se* status and appointed attorney Andrew Cowan as counsel of record.

In accordance with the foregoing, defendant's request for an additional continuance of the trial date, dkt. 126, is DENIED, and defendant's standby counsel, attorney Andrew Cowan, is appointed counsel of record in this matter.

IT IS SO ORDERED.

|  | 00 | : | 00 |
| --- | --- | --- | --- |
| Initials of Deputy Clerk | | CMJ | |

cc:     Pretrial Services