O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.    2:19-CV-10247-CAS |
| | 2:14-CR-00725-CAS-1 |
| Plaintiff/Respondent, | |
| v. | **ORDER DENYING PETITIONER'S** |
| | **MOTION FOR RELIEF PURSUANT** |
| TAQUAN-RASHE GULLETT-EL, | **TO 28 U.S.C. § 2255 AND OTHER** |
| | **FILINGS** |
| Defendant/Petitioner | |

## I.    INTRODUCTION & BACKGROUND

Petitioner Taquan-Rashe Gullett-El was convicted of two counts of making false claims against the United States in violation of 18 U.S.C. § 287 and two counts of retaliating against federal law enforcement officers in violation of 18 U.S.C. § 1521.  The Court sentenced petitioner to 77 months in prison, and the Ninth Circuit affirmed his conviction and sentence.

Before the Court is petitioner's motion for relief pursuant to 28 U.S.C. § 2255 ("Pet."), filed on December 3, 2019.  See ECF No. 1.  The Court also considers petitioner's filings relating to requests for discovery and for a letter rogatory.  See ECF Nos. 5, 6, 27.

-1-

On May 28, 2020, the government filed an opposition ("Opp.") in response to petitioner's motion for relief and other filings.  See ECF No. 34.

## II.    PROCEDURAL HISTORY

Petitioner, who is incarcerated, filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on December 3, 2019.  See Pet.  On December 12, 2019, the Court entered an order that set a briefing schedule.  See ECF No. 3.  Pursuant to that order, the United States of America was to file an opposition to the § 2255 petition by January 13, 2020, and petitioner was to file any reply not later than February 14, 2020.  Id. That same day, however, petitioner filed requests (i) to modify his detention order, (ii) for discovery, and (iii) for a letter rogatory for international judicial assistance and humanitarian intervention.  See ECF Nos. 4, 5, 6.  Then, on December 16, 2019, petitioner filed a motion for default judgment against the United States.  See ECF No. 7.

To allow the United States an opportunity to oppose petitioner's additional requests and separately respond to the motion for a default judgment, the Court entered an order on December 30, 2019, setting a consolidated briefing schedule for the § 2255 petition and the petitioner's additional requests (excluding the motion for default judgment).  See ECF No. 9.  Pursuant to that order, the United States was to file an opposition not later than February 3, 2020, and the petitioner was to file any reply not later than March 6, 2020.  On January 2, 2020, the Court granted the government's ex parte application to continue the briefing schedule.  See ECF No. 11.  Pursuant to that order, the United States was to file a response by April 13, 2020, and the petitioner was to file any reply not later than May 15, 2020.  Id.

On January 6, 2020, the Ninth Circuit entered an order stating that it had received notice from the petitioner appealing his pending requests, as well as his pending motion for default judgment.  See ECF No. 12.  Because the Court had not yet ruled on the § 2255 petition, the Ninth Circuit returned the case to this Court for ruling.  Id.  Petitioner then filed a second motion for default judgment on his § 2255 petition on January 21, 2020.  See ECF No. 13.  Petitioner concurrently filed a notice with the Ninth Circuit appealing the

Court's December 19, 2019, December 30, 2019, and January 3, 2020 orders setting the briefing schedule for petitioner's § 2255 petition and related requests, as well as his just-filed second motion for default judgment.  See ECF Nos. 15-16.

On January 23, 2020, the Court denied petitioner's motions for default judgment as premature because the government's April 13, 2020 deadline to respond to petitioner's § 2255 petition and discovery requests had not yet elapsed.  See ECF No. 18.  The Ninth Circuit subsequently dismissed petitioner's appeal for lack of jurisdiction.  See ECF Nos. 21-22.  To provide the government additional time to respond following the delay caused by petitioner's intervening motion practice, on April 3, 2020, the Court granted the government's ex parte application to continue the briefing schedule further.  Pursuant to that order—the operative order setting a briefing schedule for the § 2255 petition and petitioner's other requests—the United States was to file a response to petitioner's motion not later than May 28, 2020, and the petitioner was to file any reply not later than June 29, 2020.  See ECF No. 24.  On April 22, 2020, petitioner submitted an "Affidavit to Compel Discovery and for Sanctions."  See ECF No. 27.  On May 28, 2020, the government filed an opposition in response to petitioner's motion for relief and other filings.  See Opp.

Having considered the parties' submissions, the Court finds and concludes as follows.

## III.    LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Sanders v. United States, 373 U.S. 1, 2 (1963).  A § 2255 motion may be resolved without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

To warrant relief under § 2255, the petitioner has the burden of proof of demonstrating the existence of a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); see Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973) (petitioner must "overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief."). The defect must be an error of constitutional proportions that had a substantial, injurious effect on the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Non-constitutional violations of federal law, such as violations of the Federal Rules of Criminal Procedure, are not cognizable for purposes of a § 2255 motion. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); Hill v. United States, 368 U.S. 424, 429 (1962). Furthermore, habeas petitions may not be used to relitigate claims that have already been decided on direct appeal. See United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972).

If a petitioner fails to raise a habeas issue on direct appeal, that claim is procedurally defaulted. See United States v. Frady, 456 U.S. 154, 162, 164-65 (1982); United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003). The Court will examine procedurally defaulted § 2255 claims only if a petitioner can demonstrate both "cause" and "actual prejudice." See Bousley v. United States, 523 U.S. 614, 621-22 (1998). The Supreme Court has construed the "cause" prong narrowly, excusing procedurally defaulted claims only where (1) petitioner received ineffective assistance of counsel, see Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000); (2) petitioner introduced a "novel" claim, see Reed v. Ross, 468 U.S. 1, 16 (1984); or (3) petitioner was actually innocent, see, e.g., McQuiggin v. Perkins, 569 U.S. 383, 392-93 (2013). With respect to the "prejudice" prong, the Ninth Circuit has found that a petitioner must demonstrate that the alleged errors "not merely . . . created a *possibility* of prejudice, but that [the errors] worked to [petitioner's] *actual* and substantial disadvantage, infecting [petitioner's] entire [proceedings] with error of constitutional

-4-

1    dimensions." <u>United States v. Braswell</u>, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting
2    <u>Frady</u>, 456 U.S. at 170).

3          Ineffective assistance of counsel constitutes a violation of the Sixth Amendment
4    right to counsel, and thus, if established, is grounds for relief under § 2255.  To establish
5    ineffective assistance of counsel, a petitioner must prove by a preponderance of the
6    evidence that: (1) the assistance provided by counsel fell below an objective standard of
7    reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the
8    result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S.
9    688, 694 (1984).  A claim of ineffective assistance of counsel fails if either prong of the
10   test is not satisfied, and petitioner has the burden of establishing both prongs.  <u>Id.</u> at
11   697; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995).  "[B]ald legal
12   conclusions with no supporting factual allegations" are not enough to carry a petitioner's
13   burden under § 2255, or to establish a basis to hold an evidentiary hearing.  <u>Sanders</u>, 373
14   U.S. at 19.  Although *pro se* habeas claims are construed liberally, <u>see, e.g.</u>, <u>Porter v.
15   Ollison</u>, 620 F.3d 952, 958 (9th Cir. 2010), "conclusory assertions" of ineffectiveness "fall
16   far short of stating a valid claim of constitutional violation," even for a *pro
17   se* petitioner.  <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995).

18         With respect to the first prong, the Court's review of the reasonableness of counsel's
19   performance is "highly deferential," and there is a "strong presumption" that counsel
20   exercised reasonable professional judgment.  <u>Quintero-Barraza</u>, 78 F.3d at 1348.  The
21   petitioner must "surmount the presumption that, under the circumstances, the challenged
22   action might be considered sound trial strategy."  <u>Id.</u>

23         After establishing an error by counsel and thus satisfying the first prong, a petitioner
24   must satisfy the second prong by demonstrating that his counsel's error rendered the result
25   unreliable or the trial fundamentally unfair.  <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372
26   (1993).  A petitioner must show that there is a reasonable probability that, but for his
27   counsel's error, the result of the proceeding would have been different.  <u>Strickland</u>, 466

-5-

U.S. at 694.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.  Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second.  The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."  Id. at 670.  Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing.  Hill v. Lockhart, 474 U.S. 52, 60 (1985).

## IV.    PETITIONER'S § 2255 MOTION

Petitioner asserts the following fourteen claims in his December 3, 2019 petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Pet. at 4-48.  The Court addresses each claim below.

### A.    Claim 1: Lack of Jurisdiction

Petitioner claims that the Court lacked jurisdiction to hear his criminal matter.  See Pet. at 4-7.  That is incorrect.  Since petitioner was charged with violating federal laws, the Court has original jurisdiction pursuant to 18 U.S.C. § 3231.

### B.    Claim 2: Due Process Violations

Petitioner claims that "court officers" violated his due process rights by failing to disclose their alleged "Conflict of Interest and Honest Services Fraud by Misrepresentation, Non-Disclosure, Kickbacks, and Brides [sic]" as well as by "failure/neglect to comply with the Foreign Agents Registration Act."  See Pet. at 8.  Petitioner did not bring this claim on direct review, and the government contends that this argument is unintelligible and frivolous.  See Hendricks v. Vasquez, 909 F.2d 490, 491 (9th Cir. 1990) (noting that when allegations are patently frivolous, vague, or conclusory, summary dismissal is appropriate).  Whether it is or is not frivolous, petitioner cannot bring this claim since it was not raised on direct review, and therefore has been procedurally defaulted.  See Ratigan, 351 F.3d at 962.

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.    <u>Claim 3</u>: Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel both at trial and on appeal.  <u>See</u> Pet. at 21-24.  To establish ineffective assistance of counsel, petitioner must prove that (1) counsel's performance was so unreasonably deficient that petitioner did not receive "counsel" as guaranteed by the Sixth Amendment, and (2) petitioner was prejudiced by counsel's deficient performance.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687.  To meet the legal standard for prejudice, petitioner must put forward a reasonably probable showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.  Petitioner proffers five bases for ineffective assistance of counsel. Although these claims have not been procedurally defaulted, none of petitioner's claims of ineffective counsel is meritorious.

First, petitioner alleges that trial counsel failed to renew a Federal Rule of Criminal Procedure 29 motion.  <u>See</u> Pet. at 21.  Petitioner also alleges that appellate counsel erred by failing to raise the issue on appeal.  <u>Id.</u>  Petitioner provides no valid legal basis on which such a motion could have been granted, and "the failure to raise a meritless legal argument [can]not constitute ineffective assistance of counsel[.]" <u>Shah v. United States</u>, 878 F.2d 1156, 1162 (9th Cir. 1989) (citing <u>Baumann v. United States</u>, 692 F.2d 565, 572 (9th Cir. 1982)).

Second, petitioner claims that trial counsel failed to provide effective assistance by requesting a pre-plea presentence report without first obtaining petitioner's consent.  <u>See</u> Pet. at 21.  This argument is without merit.  By making a standard written procedural request on petitioner's behalf, trial counsel acted effectively, abided by common practice, and prejudiced neither the outcome of the case nor petitioner's sentence.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

Third, petitioner claims that trial counsel failed to provide effective assistance by "fail[ing]/refus[ing]" to present mitigating evidence at the initial sentencing hearing.  <u>See</u> Pet. at 22.  This is incorrect.  In fact, trial counsel filed a sentencing position under seal which specifically referenced mitigating evidence.  <u>See</u> ECF CR No. 170. Petitioner was

-7-

also granted a continuance, which would have permitted petitioner to submit any mitigating evidence to the Court on his own behalf prior to sentencing.  See ECF CR No. 172. Petitioner's contentions on this account are accordingly baseless and factually incorrect.

Fourth, petitioner alleges that trial counsel failed to present exculpatory evidence of "administrative proceedings before the Internal Revenue Service ('IRS')" to the jury.  See Pet. at 22.  This claim is meritless because the supposedly "exculpatory evidence" consisted entirely of documents that petitioner himself submitted to the IRS, none of which were admissible or exculpatory.   Failure to present these documents did not amount to ineffective assistance of counsel, nor did the omission of these documents from the record prejudice petitioner.  See Shah, 878 F.2d at 1162 (counsel's decision not to assert a meritless argument is not ineffective assistance of counsel).

And fifth, petitioner claims that his appellate counsel failed to argue that the Court had impermissibly treated the sentencing guidelines as a presumptive sentence.  See Pet. at 23.  Appellate counsel did not provide ineffective assistance or prejudice petitioner by failing to raise this frivolous argument.  See Morrison v. Estelle, 981 F.2d 425, 429 (9th Cir. 1992) (finding that appellate counsel's failing to argue an issue did not constitute ineffective assistance if there was no reasonable likelihood of success in raising the claim on appeal).

For these reasons, none of petitioner's ineffective assistance of counsel claims has merit.

**D.    Unlawful Lien**

Petitioner next alleges that he was denied his constitutional rights when the IRS "filed an approximately $74,431 unlawful lien . . . in violation of agency regulations and substantial and procedural due process of law, before any of the allegedly criminal conduct charged in the defective indictment."  See Pet. at 24.  To the extent this claim is even intelligible, it has been procedurally defaulted since petitioner did not raise it on direct appeal.  See Ratigan, 351 F.3d at 962.

-8-

1

### E.  Claim 5: Denial of Right to Trial by a Jury of Petitioner's Peers

Petitioner claims that he was denied his right to a trial by an impartial jury. Specifically, he contends that "[t]here is no evidence of the requisite quorum of 12 informed qualified Grand Jurors from among [petitioner's] peers." See Pet. at 28.  Since petitioner identifies as an "alien," he seems to argue that the jury should also have been comprised of "aliens." See generally id. at 28-31.  Even to the extent this claim is intelligible and not frivolous, it has been procedurally defaulted since petitioner did not raise it at trial or on direct appeal.  See Ratigan, 351 F.3d at 962.

### F.  Claim 6: Unlawful Detention

Petitioner next claims that he was unlawfully and unconstitutionally arrested and detained on February 12, 2015 and on July 20, 2017.  See Pet. at 32.  However, valid warrants were issued for petitioner's arrest in both instances, which followed petitioner's indictment and his failure to self-surrender, respectively.  See ECF CR Nos. 9, 243. Petitioner also does not explain how the supposedly-defective arrests relate to his conviction or sentence.  In any event, even if the claim presented a cognizable challenge, it has been procedurally defaulted since petitioner did not raise it on direct appeal.  See Ratigan, 351 F.3d at 962.

### G.  Claim 7: Government Counsel's "Default" on Petitioner's § 2241 Petition

Petitioner claims that in July 2015, the government "defaulted" on his prior habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  See Pet. at 35.  This claim is baseless. The Court dismissed petitioner's § 2241 petition as premature, see ECF CR No. 43, which the Ninth Circuit subsequently affirmed in Taquan Gullett v. United States Attorney General et al., No. 15-56378 (9th Cir. Nov. 17, 2015).  In addition, petitioner procedurally defaulted on this claim since he failed to raise it on direct appeal.  See Ratigan, 351 F.3d at 962.

### H.  Claim 8: Denial of Opportunity to Consult with Defense Experts

Petitioner claims that he was denied a reasonable opportunity to consult with two experts, or to use their testimony in his defense.  See Pet. at 36.  The Court excluded

petitioner's proposed expert testimony because petitioner failed to identify the nature of the proposed expert testimony, and never provided the government with notice of his intent to utilize the defense experts, pursuant to the procedural requirements outlined in Federal Rule of Criminal Procedure 16(b)(1)(C). See ECF CR No. 121 ("July 14, 2016 Order").

The claim fails. First, procedural rulings such as the Court's July 14, 2016 Order do not provide a basis for review pursuant to § 2255. See Timmreck, 441 U.S. at 783-84. Second, petitioner has not presented any evidence indicating what the excluded testimony would have entailed, or establishing that the Court erred in barring the unspecified testimony, that the unspecified testimony would have been admissible at trial, or that excluding the testimony prejudiced petitioner in any way. See Strickland, 466 U.S. at 694. And third, petitioner also procedurally defaulted on this claim since he failed to raise it on direct appeal. See Ratigan, 351 F.3d at 962.

## I.      Claim 9: Failure to Consider Mitigating Evidence During Sentencing

Petitioner claims that the Court violated his due process rights by failing to consider mitigating evidence during sentencing. See Pet. at 37. This is incorrect. The Court reviewed all of the documents properly filed to reach its sentencing determination. But in any event, the claim is procedurally defaulted since petitioner failed to raise it on direct appeal. See Ratigan, 351 F.3d at 962.

## J.      Claim 10: Treatment of Sentencing Guidelines as a Presumptive Sentence

Petitioner next claims that the Court violated his due process rights by treating the sentencing guidelines as a "presumptive sentence." See Pet. at 38. The Court did not do so. Prior to making its ruling, the Court considered the applicable § 3553(a) factors, the sentencing guidelines, and government counsel's arguments. See ECF CR No. 216 at 14:17-15:25, 16:01-18:20. In any event, this claim has been procedurally defaulted since it was never raised on direct appeal. See Ratigan, 351 F.3d at 962.

///

///

///

-10-

### K.     Claim 11: Violation of Constitutional Rights Because Government Did Not File a Criminal Complaint

Petitioner argues that the government violated his constitutional rights by failing to file a criminal complaint in this case.  See Pet. at 39.  This claim is frivolous.  There is no requirement that the government file a criminal complaint.  Here, the government proceeded by obtaining a valid indictment.  See ECF CR No. 1.  That is perfectly acceptable, and petitioner's claim is baseless.  In addition, this claim is also procedurally defaulted since it was not raised on direct appeal.  See Ratigan, 351 F.3d at 962.

### L.     Claim 12: Return of Indictment

Petitioner claims that "there is no evidence" that his indictment was returned in open court, as required by Federal Rule of Criminal Procedure 6(f).  See Pet. at 40.  Petitioner does not present any evidence to support this claim.  As the government rightly points out in its opposition, petitioner's indictment would not have been filed unless it had been returned in open court in compliance with the Federal Rules of Criminal Procedure.  Further, as previously addressed in Claim 8, procedural claims such as these are not cognizable for purposes of a § 2255 motion.  See Timmreck, 441 U.S. at 783-84.  And here too, petitioner's claim is procedurally defaulted because petitioner failed to raise it on direct appeal.  See Ratigan, 351 F.3d at 962.

### M.     Claim 13: Grand Jury Misconduct

Petitioner asserts three grand jury misconduct claims.  First, petitioner argues that the grand jury did not contain a quorum of 12 qualified jurors.  Second, petitioner claims that the government engaged in prosecutorial misconduct by failing to present exculpatory evidence to the grand jury.  And third, petitioner contends that the government engaged in prosecutorial misconduct by unduly influencing the jury.  See Pet. at 41.

To begin, petitioner has not provided any evidence to support these grand jury misconduct claims.  Claims based solely on speculation and conclusory allegations are insufficient to entitle petitioner to habeas relief.  See Hendricks, 908 F.2d at 491.  Additionally, even if petitioner's jury misconduct allegations were true and supported by

evidence, such errors would not entitle petitioner to habeas relief.  The Ninth Circuit has established that "errors concerning evidence presented to the grand jury cannot trigger dismissal of charges or a new trial when a subsequent petit jury returns a verdict of guilty." United States v. Harmon, 833 F.3d 1199, 1204 (9th Cir. 2016) (finding that even intentional grand jury misconduct is harmless once a petit jury returns a guilty verdict); see also United States v. Mechanik, 475 U.S. 66, 70 (1986) (following a conviction, "any error in the grand jury proceeding connected with the charging decision [is deemed] harmless beyond a reasonable doubt" as a matter of law).  Finally, each of petitioner's grand jury misconduct claims is also procedurally defaulted since petitioner did not raise any of them at trial or on direct appeal.  See Ratigan, 351 F.3d at 962.

## N.  **Claim 14**: Improper Jury Instructions

Petitioner asserts that his constitutional rights were violated when the grand jury and trial jury received improper instructions regarding "presumptions and the burden of proof." See Pet. at 46.  Petitioner does not specify what he means by "presumptions" aside from providing a general definition of the term.  See id. (citing *Presumption*, BLACK'S LAW DICTIONARY (6th ed. 1990)).  In any event, the Court properly instructed the jury regarding the government's burden of proof and the presumption of petitioner's innocence until proven guilty.  See ECF CR 141 at 2-3.  Moreover, these instructions were not necessary to support the grand jury's finding of probable cause for the charges.  See, e.g., United States v. Marcucci, 299 F.3d 1156, 1159 (9th Cir. 2002) (discussing the role of the grand jury and the standard grand jury charge).  Finally, this claim is also procedurally defaulted since petitioner did not raise it at trial or on direct appeal.  See Ratigan, 351 F.3d at 962.

*      *      *

For the foregoing reasons, all of petitioner's claims are without merit.  In addition to the substantive defects set forth above, petitioner has also procedurally defaulted on claims 2 and 4-14, and failed to establish either the "cause" or "actual prejudice" necessary to obtain relief on the basis of those claims.  See Bousley, 523 U.S. at 621-22.  Specifically, with respect to cause, petitioner has failed to establish that any of the subject claims are

-12-

"novel," see Edwards, 529 U.S. at 450-51, reflect inequities that result from the ineffective assistance of counsel, see Reed, 468 U.S. at 16, or demonstrate that petitioner is actually innocent, see McQuiggin, 569 U.S. at 392-93.  And with respect to "actual prejudice," petitioner fails to provide any evidence suggesting a "reasonable probability" that his trial or appeal would have yielded different results without the claimed errors.  See, e.g., Strickler v. Greene, 527 U.S. 263, 289-91 (1999).  The § 2255 petition is therefore denied.

## V.    DISCOVERY REQUESTS

In his § 2255 petition, petitioner also requests broad discovery related to the grand jury proceedings in this case.  See Pet. at 43-44.  For example, petitioner requests the "Minutes, Attendance, Payroll, and Voting Records of the Grand Jury," disclosure of "Unauthorized Person(s) in the Grand Jury Room," transcripts of grand jury proceedings, and "All Exculpatory Information" presented by prosecutors in this case.  See id.  Petitioner also filed a separate request for answers to twenty-one "(Proposed) Interrogatories" and the production of sixteen documents.  See ECF No. 5 at 12-25.  On April 22, 2020, petitioner submitted an "Affidavit to Compel Discovery and for Sanctions," again requesting interrogatory answers and document production.  See ECF No. 27 at 2-5.

Unlike typical civil litigants or criminal defendants, habeas petitioners must make a "sufficient showing . . . to establish 'good cause' for discovery," pursuant to Habeas Corpus Rule 6(a).  Bracy v. Gramley, 520 U.S. 899, 909 (1997).  Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]"  Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  The Ninth Circuit has stated that habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation."  Calderon v. U.S. Dist. Court for the N. Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996).

Here, petitioner has not established good cause for discovery, especially given the fact that all but two of his § 2255 claims have been procedurally defaulted.  Further, many of his requests would not provide any basis for relief.  Petitioner's discovery requests are

-13-

largely unintelligible and frivolous, while others request pleadings, public documents, or prior discovery materials which petitioner either has access to or could gain access to through his former counsel.  His requests are therefore denied.

## VI.   LETTER ROGATORY FOR INTERNATIONAL ASSISTANCE

Petitioner also submitted a separate filing entitled "Letter Rogatory for International Judicial Assistance and Application for Ex Rel. Action/Humanitarian Intervention."  See ECF No. 6.   In this document, petitioner calls for an "examination" of the Court, government counsel, defense counsel, and others in accordance with the Hague Evidence Convention.  See id. at 2-3.  Petitioner also claims that the United States has committed war crimes and genocide in violation of international law.  Id. at 17.

The discretion to issue letters rogatory rests squarely with the Court.  See United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958); see, e.g., United States v. Sedaghaty, 728 F.3d 885, 917 (9th Cir. 2013) (finding that the Court did not abuse its discretion in declining to issue letters rogatory where the potential testimony was not material or necessary to ensure a fair trial).  Since petitioner's letter rogatory request is frivolous, largely unintelligible, and unlikely to result in the discovery of admissible evidence, the Court denies the request.

## VII.   EVIDENTIARY HEARING

The Court agrees with the government that petitioner is not entitled to an evidentiary hearing on his various claims.  The Ninth Circuit has found that an evidentiary hearing is not required if petitioner's allegations "do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).  Conclusory, unsupported statements similarly do not merit an evidentiary hearing.  See id. at 721.  Since all but two of petitioner's § 2255 claims have been procedurally defaulted, and since Claim 1 and Claim 3 do not warrant relief when viewed against the record, an evidentiary hearing is not required.

-14-

**VIII.  CERTIFICATE OF APPEALABILITY**

The Court also agrees with the government's argument to deny any forthcoming request for a certificate of appealability ("COA") on this ruling.  To warrant a COA, petitioner must have "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2)-(3); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (articulating that when a district court denies a habeas petition on procedural grounds, a COA may be obtained only if the petitioner shows that (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); United States v. Winkles, 795 F.3d 1134, 1143 (9th Cir. 2015) (adopting the COA standard from Slack).  Petitioner's claims are plainly without merit, and cannot meet this standard.

**IX.   CONCLUSION**

For the foregoing reasons, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 and other filings are **DENIED**.[1]

  **IT IS SO ORDERED.**

DATED: July 13, 2020

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[1] Shortly before the Court issued this order, petitioner again filed two additional motions to compel discovery and request the clerk to enter default judgment. See ECF Nos. 42, 43.  Because the Court decides petitioner's § 2255 petition and requests for discovery in this order, these additional motions are **DENIED AS MOOT.**